FILED

APR - 7 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
EASTERN DIVISION

| | |
|---|---|
| BRIAN DIPIPPA,<br>Petitioner,<br><br>v.<br><br>WARDEN, FCI ELKTON,<br>Respondent. | )<br>)<br>)<br>)  Case No. 4:26-cv-00487-CEF<br>)  Judge Charles E. Fleming<br>)  Mag. Judge Jennifer Dowdell Armstrong<br>)<br>) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioner Brian DiPippa respectfully submits this Notice of Supplemental Authority in support of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The following recently decided and relevant authorities further support Petitioner's position that (1) earned time credits under the First Step Act must be applied consistent with statutory requirements, and (2) expedited consideration is appropriate where delay risks rendering relief meaningless.

Petitioner further notes that, while previously in prison custody, access to legal materials and the law library was limited, which constrained the ability to identify and present these authorities earlier. Petitioner now has improved access and submits this authority at the earliest opportunity.

## I.  SUPPLEMENTAL AUTHORITY REGARDING FIRST STEP ACT TIME CREDITS

Recent decisions continue to emphasize that eligibility for, and application of, First Step Act ("FSA") time credits is governed by statute, not by restrictive Bureau of Prisons ("BOP") practices.

In *Adepoju v. Scales*, the court held that the FSA's time credit provisions are mandatory, explaining that eligible prisoners "shall" receive and have applied earned time credits, and that the BOP lacks discretion to withhold application where statutory criteria are satisfied. The court further ordered immediate transfer to prerelease custody after finding that failure to apply credits violated both the statute and due process. *Adepoju v. Scales*, 782 F. Supp. 3d 306 (E.D. Va. 2025).

Similarly, in *Modeste v. Birkholz*, the court rejected the BOP's categorical refusal to award time credits for qualifying activities performed outside its preferred framework, holding that the statute—not internal policy—controls eligibility. The court required individualized assessment of whether activities qualified as evidence-based programming or productive activities. *Modeste v. Birkholz*, 809 F. Supp. 3d 891 (D. Alaska 2025).

These decisions reinforce that:

(1)  the FSA's "shall earn" language is mandatory, not discretionary; and

(2)  the BOP may not impose additional eligibility restrictions beyond those contained in the statute.

By contrast, cases denying relief confirm that disputes over time credits often turn on factual determinations regarding eligibility, participation, or statutory disqualification, rather than pure questions of law. *See, e.g., Gilbert v. Healy*, No. 1:25-cv-01627, 2026 WL 657027 (N.D. Ohio Mar. 9, 2026) (denying petition where petitioner was statutorily ineligible due to fentanyl conviction under § 3632(d)(4)(D)(lxvi)); *George v. Baysore*, No. 3:2024-cv-00361, 2025 WL 1618822 (S.D. Miss. May 22, 2025) (same). These cases underscore that where a petitioner is eligible and has completed qualifying activities, denial of credits presents a cognizable habeas claim.

## II.  SUPPLEMENTAL AUTHORITY REGARDING TIMING AND EXPEDITED RELIEF

Courts have also recognized that FSA time credit claims are uniquely time-sensitive and that delay may moot meaningful relief.

In *Duarte-Parra v. Warden FCI Fort Dix*, the court dismissed a § 2241 petition as moot after the petitioner was released during litigation, emphasizing that once custody ends, the court may be unable to grant effective relief. *Duarte-Parra v. Warden FCI Fort Dix*, No. 2:2024-cv-09493, 2025 WL 1002185 (D.N.J. Apr. 2, 2025).

Similarly, in *Harper v. Warden of FCI Waseca*, the court acknowledged that § 2241 petitions involving time credits may warrant prompt consideration where the petitioner alleges entitlement to immediate or near-immediate release, even while ultimately denying relief on other grounds. *Harper v. Warden of FCI Waseca*, No. 0:2023-cv-01247, 2024 WL 3164981 (D. Minn. May 28, 2024).

These authorities demonstrate that:

(1)  habeas claims involving time credits directly affect the duration of custody; and

(2)  delay risks rendering the petition moot or depriving the petitioner of the benefit of any favorable ruling.

Courts have therefore treated such claims as appropriate for prompt adjudication, particularly where application of credits would result in immediate transfer to prerelease custody or release.

## III.  CONCLUSION

The supplemental authorities confirm that Petitioner's claim presents a proper challenge to the execution of sentence under § 2241, that the FSA's time credit provisions are mandatory where statutory criteria are satisfied, and that timely resolution is critical to avoid irreparable harm and mootness.

Dated: 03/30/2026

Respectfully submitted,

Brian DiPippa, Pro Se

Reg. No. 66590-510

P.O. Box 23430

Pittsburgh, Pennsylvania 15222

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I deposited a true and correct copy of the foregoing Notice of Supplemental Authority in the mail, postage prepaid, addressed to:

Office of the United States Attorney

Northern District of Ohio

801 West Superior Avenue, Suite 400

Cleveland, Ohio 44113

Date: 03/30/2026

Brian DiPippa, Pro Se