UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

APR - 7 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

BRIAN DIPIPPA,

    Petitioner,

v.

WARDEN, FCI ELKTON,

    Respondent.

Case No. 4:26-cv-00487-CEF

Judge Charles E. Fleming

Mag. Judge Jennifer Dowdell Armstrong

### PETITIONER'S MOTION TO EXPEDITE BRIEFING SCHEDULE

Petitioner Brian DiPippa respectfully moves this Court to modify the briefing schedule set forth in Magistrate Judge Armstrong's Initial Order of March 25, 2026 (Doc. #4), and to direct Respondent to file an Answer within 21 days of service rather than the 45 days currently ordered. Both claims presented in the petition are pure questions of statutory construction on a complete record. No hearing is required, but timing is material to the relief sought.

The BOP's own FSA Time Credit Assessment projects a Conditional Release date of January 10, 2027. Correcting the program days at issue across both claims yields approximately 40 additional days of FSA Time Credit, advancing that date to approximately late November 2026. Under the current schedule, briefing alone will not close until late June 2026, after which this Court must prepare a Report and Recommendation and Judge Fleming must review it. Without modification, the Court may not resolve this case before that window closes.

## I.  BACKGROUND

Petitioner is a federal inmate, Reg. No. 66590-510, whose current mailing address is P.O. Box 23430, Pittsburgh, Pennsylvania 15222. The petition presents two discrete claims. First, the BOP failed to credit 50 program days between Petitioner's sentencing date of January 6, 2025 and his arrival at FCI Elkton on February 26, 2025, contrary to the plain text of 18 U.S.C. § 3632(d)(4)(B). Second, the BOP disallowed 71 program days at FCI Elkton due to a TruLincs electronic glitch that failed to register a needs assessment Petitioner completed the first day he was able to do so. The factual record supporting both claims is fully developed and set forth in the petition and its exhibits. (Pet. Ex. 1–24.)

Applying the statutory earning rate of 10 days of FSA Time Credit per 30 program days under 18 U.S.C. § 3632(d)(4)(A)(i), the 50 uncredited days yield approximately 16 to 17 additional days of credit, and the 71 disallowed days yield approximately 23 to 24 additional days, for a combined total of roughly 40 days. The BOP's current FSA Conditional Release date is January 10, 2027. Restoring those credits advances that date to approximately late November 2026. (Pet. Ex. 17.)

On March 25, 2026, Judge Fleming referred this matter to Magistrate Judge Armstrong for a Report and Recommended decision (Doc. #3). That same day, Magistrate Judge Armstrong issued her Initial Order (Doc. #4), directing Respondent to file an Answer within 45 days and Petitioner to file a Traverse within 45 days of the Answer. The Court's preliminary review of the petition concluded it could not determine from its face that Petitioner is not entitled to relief.

## II.  LEGAL STANDARD

Federal district courts possess inherent authority to manage their dockets so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Habeas corpus is, by design, an effective and speedy instrument of judicial inquiry into the legality of a person's detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where the passage of time threatens to foreclose the relief sought, expedition is consistent with the purpose of the writ.

The FSA is unambiguous: the BOP shall apply earned time credits toward prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). That mandatory obligation has been enforced by courts presented with BOP resistance. *See Dunlap v. Warden, FMC Devens*, 2024 U.S. Dist. LEXIS 235866 (D. Mass. 2024); *Dunaev v. Engleman*, 2025 U.S. Dist. LEXIS 106421 (C.D. Cal. Apr. 28, 2025).

## III.  ARGUMENT

### A.  The Current Briefing Schedule, Combined with the R&R Process, Will Not Resolve This Case Before the Relief Becomes Unavailable.

Applying the statutory earning rate under 18 U.S.C. § 3632(d)(4)(A)(i), the 121 uncredited program days at issue yield approximately 40 additional days of FSA Time Credit. Applied to the BOP's current Conditional Release date of January 10, 2027, those credits advance the projected release date to approximately late November 2026. Because the relief sought is prospective liberty, it cannot be remedied after the fact.

Under the current schedule, Respondent's Answer is due May 9, 2026, and Petitioner's Traverse is due June 23, 2026. Briefing does not close until late June 2026 at the earliest. This Court must then prepare a Report and Recommendation, allow the 14-day objection period under 28 U.S.C. § 636(b)(1), and await Judge Fleming's review and ruling. On a standard track, that process consumes an additional four to six months — placing the final decision in November 2026 at the very earliest, and more likely in early 2027. That timeline does not leave adequate room to grant meaningful relief before the corrected release date arrives.

The BOP has had every opportunity to correct this error. It declined at every level of administrative review, from the institution through the Central Office, through December 2025. The record is complete and the legal questions are fully briefed. There is nothing left for the Court to resolve but the merits.

### B.  Both Claims Are Pure Questions of Law. No Hearing Is Required.

The first claim asks whether 28 C.F.R. § 523.42 lawfully redefines the commencement of a federal sentence in conflict with 18 U.S.C. § 3585(a). The BOP says credits begin at

arrival at the designated facility. The statute says a sentence commences when the defendant is received into custody. Multiple district courts have addressed this exact conflict. *See Brenneman v. Warden Salmonson*, 2025 U.S. Dist. LEXIS 56851 (E.D. Tex. Feb. 25, 2025); *Gale v. Warden FCI Milan*, 2025 U.S. Dist. LEXIS 8739 (E.D. Mich. Jan. 16, 2025). Under *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), the BOP's reading of unambiguous statutory text carries no weight, and the plain language of § 3585(a) controls.

The second claim is equally clear on the papers. Petitioner completed his needs assessment the first day the system allowed him to do so. The BOP's own electronic system failed to record it. He completed it again on paper at staff direction. The BOP still disallowed 71 days. That record — sworn affidavit, corroborating inmate declarations, TruLincs printouts, Unit Team records, and the BOP's own FSA Time Credit Assessment — is before the Court without factual dispute. (Pet. Ex. 7, 18–24.)

Courts are in agreement on the governing principle: BOP-caused delay cannot be charged to the prisoner. *See Dunaev v. Engleman*, 2025 U.S. Dist. LEXIS 106421; *Dunlap v. Warden, FMC Devens*, 2024 U.S. Dist. LEXIS 235866; *Puana v. J.F. Williams*, 2024 WL 4932514 (D. Colo. 2024). The BOP has acknowledged in other proceedings that its own policy permits credits for programming completed before the SPARC-13 assessment was administered. *Claude v. Stover*, 2025 U.S. Dist. LEXIS 18605 (D. Conn. Feb. 3, 2025). Petitioner should not be held to a stricter standard than the BOP applies in its own proceedings.

### C. Modifying the Briefing Schedule Will Not Prejudice Respondent.

The government has known about these claims since July 2025 and has litigated them through every level of the administrative process. The record is fully developed. Directing Respondent to file an Answer within 21 days rather than 45 is proportionate, reasonable, and consistent with the schedule this Court would set in any time-sensitive habeas matter. There is no prejudice here.

## IV. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Modify the Initial Order (Doc. #4) to direct Respondent to file an Answer within 21 days of service rather than 45 days;
2. Set Petitioner's Traverse deadline at 14 days after the filing of the Answer; and
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Brian DiPippa, Pro Se
Reg. No. 66590-510
P.O. Box 23430

Pittsburgh, Pennsylvania 15222

Date: _03/30/2026_

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I deposited a true and correct copy of the foregoing Motion to Expedite Briefing Schedule in the mail, postage prepaid, addressed to:

Office of the United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

Date: _03/30/2026_

_Brian DiPippa_

Brian DiPippa, Pro Se