FILED

APR 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
EASTERN DIVISION

| | |
|---|---|
| BRIAN DIPIPPA, Petitioner, | ) |
| v. | ) Case No. 4:26-cv-00487-CEF |
| WARDEN, FCI ELKTON, | ) Judge Charles E. Fleming |
| Respondent. | ) Mag. Judge Jennifer Dowdell Armstrong |

## PETITIONER'S REPLY IN SUPPORT OF MOTION TO EXPEDITE BRIEFING SCHEDULE

Petitioner Brian DiPippa, proceeding pro se, respectfully submits this Reply in support of his Motion to Expedite Briefing Schedule (Dkt. 9) and in response to Respondent's Brief in Opposition (Dkt. 13). Petitioner no longer seeks a 21-day Answer deadline, which has now passed, and instead respectfully proposes the modified relief set forth in Part III below.

### I. Respondent's First Two Arguments Do Not Oppose Expedition on the Merits.

Respondent's first argument is correct: the 21-day Answer deadline has already passed, and that portion of the requested relief is moot. Petitioner has modified his request accordingly.

Respondent's second argument is that counsel has not yet received information from the Bureau of Prisons and needs the full 45 days to review facts, research the legal issues, and have a draft reviewed by BOP. (Dkt. 13, PageID # 99.) Respondent, however, has been on notice of both claims since at least July 2025, when the first administrative remedy was filed, and has litigated them through every level of BOP review through December 2025. (Dkt. 2-1 through 2-14.) The record is fully developed. Counsel's representation that he has not yet received BOP information establishes only that Respondent has not begun its internal review process. It does not establish that additional time is required to complete it.

### II. Respondent's "Plenty of Time" Argument Overlooks the R&R; Process.

Respondent's third argument is that the current schedule "provides sufficient time for full briefing and a decision to be issued before late November." (Dkt. 13, PageID # 99.) That argument overlooks the procedural steps between briefing and decision. Under the current schedule, Respondent's Answer is due May 11, 2026, and Petitioner's Traverse is due 45 days later. Briefing therefore does not close until approximately late June 2026. Magistrate Judge Armstrong must then prepare a Report and Recommendation under 28 U.S.C. § 636(b)(1), the parties have 14 days to file objections, and Judge Fleming must then review any objections and enter a ruling.

Comparable § 2241 proceedings in this District illustrate the time those additional steps require. In *Martinez v. Warden, FCI Elkton*, No. 4:24-cv-00833-DAR (N.D. Ohio), the

petitioner challenged the BOP's FSA time credit calculation; Respondent's motion to dismiss was filed December 2, 2024, and the Report and Recommendation issued July 18, 2025, more than seven months later. In *Dale v. Warden*, No. 4:24-cv-01627-JRK (N.D. Ohio), a § 2241 petition raising FSA credit issues was filed September 19, 2024; the Report and Recommendation issued July 1, 2025. In both cases, additional time was required thereafter for objections and review by the District Judge. Those timelines, applied here, place a final ruling well beyond Petitioner's corrected release date.

Petitioner's corrected release date, based on the 40 additional days of FSA Time Credit at issue across both claims, is now earlier than previously estimated. The BOP's updated FSA Time Credit Assessment, dated April 5, 2026 (attached as Exhibit 28), shows a current FSA Conditional Release Date of December 29, 2026, twelve days earlier than the January 10, 2027 date referenced in the original Motion. Applying the 40 additional days at issue to this updated baseline places the corrected release date in approximately mid-to-late November 2026. The window for meaningful relief is narrower than the Motion originally stated.

**III. Modified Relief Requested.**

In light of Respondent's response and the updated Time Credit Assessment, Petitioner respectfully requests that this Court:

1. Maintain the existing May 11, 2026 deadline for Respondent's Answer;
2. Direct that Petitioner's Traverse shall be filed within 21 days of the Answer rather than 45 days, as Petitioner stands ready to respond promptly; and
3. Grant such other relief as the Court deems just and proper.

This modified schedule preserves Respondent's full 45 days to prepare its Answer while advancing the remaining schedule by approximately three weeks. It imposes no burden on Respondent and no prejudice to any party.

Respectfully submitted,

Brian DiPippa

Brian DiPippa, Pro Se
Reg. No. 66590-510
P.O. Box 23430
Pittsburgh, Pennsylvania 15222

Date: 04/22/2026

**Note on Service.** Respondent's Certificate of Service (Dkt. 13, PageID # 100) reflects service by mail to Petitioner at FCI Elkton, notwithstanding Petitioner's Notice of Change of Address filed with this Court.

(Dkt. 6.) Petitioner obtained the Opposition from PACER and responds on that basis without prejudice to any future objection based on service.

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I deposited a true and correct copy of the foregoing Reply in the mail, postage prepaid, addressed to:

James R. Bennett II
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

Date: 04/22/2026

Brian DiPippa, Pro Se