IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN DIPIPPA, | ) | CASE NO.: 4:26-CV-487 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| | ) | |
| WARDEN, FCI ELKTON, | ) | ANSWER TO AND MOTION TO |
| | ) | DISMISS PETITION FOR WRIT OF |
| Respondent. | ) | HABEAS CORPUS |

Now comes the Respondent, Warden, FCI Elkton, and hereby submits this Answer to and

Motion to Dismiss the Petition for Writ of Habeas Corpus filed by Petitioner Brian DiPippa

(ECF #1), and response to the Court's March 25, 2026 Order (ECF #4).  In answer to the

Petition, Respondent DENIES each and every allegation contained therein except as otherwise

expressly admitted in this filing.  Because Petitioner has been accruing First Step Act Time

Credit consistent with the statute and regulations, the Petition should be denied.

## I.      FACTUAL BACKGROUND

Petitioner was sentenced on January 6, 2025 to a sixty-month term for violations of 18

U.S.C. §§ 2, 231(a)(3), and 371.  Ex. 1, Decl. of Jonathan Kerr ("Kerr Decl.") ¶ 2.  On February

26, 2025, Petitioner was designated to FCI Elkton.  Kerr Decl. ¶ 3.  On May 8, 2025, Petitioner

completed his Standardized Prisoner Assessment for Reduction in Criminality.  *Id.*  ¶ 7,

Attachment 3.

To date, 145 days of FSA Time Credit have been applied toward early transfer to

supervised release.  Kerr Decl. ¶ 2.  Petitioner is no longer located at FCI Elkton; he is now in

prerelease custody at Pittsburgh Residential Reentry Management.

https://www.bop.gov/inmateloc/ (last visited May 8, 2026).   Petitioner's projected FSA release

date is now May 10, 2027.  Kerr Decl. ¶ 2, Attachment 1.

## II.      APPLICABLE LAW

### A.      FIRST STEP ACT TIME CREDITS

The First Step Act of 2018 ("FSA") was enacted on December 21, 2018, and

implemented certain prison and sentencing reforms, including changes to the availability and

implementation of recidivism-reduction programming.  First Step Act of 2018, Pub. L. No. 115-

391, 132 Stat. 5194.  The statute also provides that "eligible prisoners" are only those who have

"time credits under the risk and needs assessment system developed under subchapter D

(referred to in this subsection as the "System") . . . ."  *Id.* § 3624(g)(1)(A).  Subchapter D, in

turn, requires the Bureau of Prisons (BOP) to "determine the type and amount of evidence-based

recidivism reduction programming that is appropriate for each prisoner and assign each prisoner

to such programming accordingly, and based on the prisoner's specific criminogenic needs . . . ."

*Id.* § 3632(a)(3).  Under the FSA, an inmate may earn "time credits" for participating in

evidence-based recidivism reduction programs and productive activities.  18 U.S.C § 3632(d)(4).

BOP has promulgated regulations interpreting the FSA.  An inmate may earn FSA Time

Credits when the inmate is successfully participating in approved programs, as defined in the

regulations.  28 C.F.R. § 523.41(c).  To be successfully participating requires that the inmate

have completed an "individualized risk and needs assessment," and not be in a designated status

outside of the institution.  *Id.* § 523.41(c)(2), (4)(ii).  An inmate cannot earn FSA Time Credit

until the individualized need assessment has been completed.  *Id.* § 523.41(c)(2).

III.    **ARGUMENT**

Petitioner asserts two time periods during which he alleges that he has been denied FSA Time Credit.  First, he asserts that he should have accrued credit before he was designated to FCI Elkton.  Second, he asserts that he should have accrued credit from the date he was designated to FCI Elkton until the date he completed his needs assessment.  For both time periods, the question is whether the Petitioner was able to successfully participate in programming.  And because Petitioner did not successfully complete programming—regardless of whether he may have been eligible to complete programming—the Petition should be denied.

A.      THE TIME PERIOD BETWEEN PETITIONER'S SENTENCING AND HIS REPORT DATE TO FCI ELKTON IS NOT ELIGIBLE FOR FSA TIME CREDIT

From the date of sentencing, January 22, 2025, until the date Petitioner arrived at FCI Elkton, February 26, 2025, Petitioner was in designation status outside the institution and is therefore ineligible to receive FSA Time Credit.  28 C.F.R. § 523.41(c)(4)(ii).  Furthermore, Petitioner had not completed the needs based assessment during the time period at issue, and was also ineligible for that reason.  28 C.F.R. § 523.41(c)(2).  Even assuming Petitioner was not in designation status outside the institution, he has offered no evidence that he completed BOP-assigned programming.  18 U.S.C. § 3632(a)(3).

The FSA only permits the accrual of FSA Time Credit for prisoners who "successfully completes evidence-based recidivism reduction programming or productive activities . . . ." 18 U.S.C. § 3632(d)(4)(A).  To be successfully participating, an inmate cannot be in designation status outside the institution and must have completed a needs assessment.  28 C.F.R. § 523.41(c)(4)(ii) (designation outside the institution); 523.41(c)(2) (BOP must complete individualized needs assessment).

Petitioner's designated BOP facility was FCI Elkton, to which he arrived on February 26, 2025.  Kerr Decl. ¶ 6.  Prior to that date, Petitioner was in designation status outside the institution.  *Id.*  Petitioner argues that he could begin to earn FSA Time Credits from the date his sentence commenced.  ECF #2, PageID #16.  Respondent does not contest that 18 U.S.C. § 3585(a) controls when the sentence commences.  But the fact that an inmate's sentence has commenced and the inmate may therefore be eligible to earn FSA Time Credits does not mean that the inmate is entitled to earn FSA Time Credits.  In order to earn FSA Time Credits, an inmate must not be outside his designated facility.  28 C.F.R. § 523.41(c)(4)(ii); *see Dane v. Bayless*, No. 5:24-CV-157, 2024 WL 5150683 (N.D. W.Va. Nov. 20, 2024), *report and recommendation adopted*, 2024 WL 5150650 (N.D. W.Va. Dec. 17, 2024); *Pelullo v. FCC Coleman-Low*, No. 5:23-cv-189-WFJ-PRL, 2024 WL 3771691, *4 (M.D. Fl. Aug. 13, 2024) (restrictions on participating in 28 C.F.R. § 523.41(c)(4) are not absolute bars to earning FSA Time Credits, they are "presumptive bars" that "make sense").  Here, Petitioner was outside his designated facility until he arrived at FCI Elkton on February 26, 2025.  He is therefore not entitled to earn FSA Time Credits for that time period.

Even if Petitioner were not outside his designated facility and therefore entitled to earn FSA Time Credits, Petitioner would not be entitled to earn such credits until he had completed his statutorily mandated needs assessment.  18 U.S.C. § 3632(a)(1); *Dane*, 2024 WL 5150683. The FSA does not require the BOP to complete the needs assessment at sentencing, only during the "intake process."  *Id*.  Here, the statutorily required intake process occurred when Petitioner arrived at FCI Elkton.  Petitioner therefore became a successfully participating inmate after his needs assessment was completed on May 8, 2025.  Kerr Decl. ¶ 7.

Petitioner asserts that while he was at Butler County Prison and at Northeast Ohio Correctional Center he participated in evidence-based recidivism reduction programming and productive activities. ECF #2, PageID #18; ECF #2-7, PageID #33. Petitioner, however, does not claim that this programming was assigned by BOP. And the FSA requires that BOP assign the programming. 18 U.S.C. § 3632(a)(3); *Dunlap v. Warden FMC Devens*, No. 240CV011462-RGS, 2024 WL 5285006, *8 (D. Mass. Dec. 13, 2024) (FSA Time Credit not required where inmate is not participating in BOP-assigned programming), *report and recommendation adopted*, 2025 WL 35248 (D. Mass. Jan. 6, 2025). Here, Petitioner may indeed have completed programming at Butler County Prison and at Northeast Ohio Correctional Center, but that programming was not assigned by the BOP and is therefore not eligible for FSA Time Credit.

From January 6, 2025 through February 26, 2025, Petitioner was in designation status outside the institution, had not completed a needs assessment, and did not complete any BOP-assigned programming. The Petition as to that time period should therefore be denied.

B.     <u>THE TIME PERIOD BEFORE PETITIONER COMPLETES A NEEDS ASSESSMENT IS NOT ELIGIBLE FOR FSA TIME CREDIT</u>

Petitioner also claims that he is improperly being denied FSA Time Credit for the time period from his arrival at FCI Elkton on February 26, 2025, until his needs assessment was completed on May 8, 2025. This time period, however, is excluded from the statutory requirements for earning FSA Time Credits.

The FSA requires that BOP "determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming accordingly, and based on the prisoner's specific criminogenic needs . . . ." 18 U.S.C. § 3632(a)(3). The statute further requires that BOP's system "shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction

5

programs[,]" and includes earning FSA Time Credits as one such incentive.  18 U.S.C. § 3632(d).

Courts have accepted that an inmate's classification under a BOP assessment is part of earning FSA Time Credits.  *E.g.*, *United States v. Small*, No. 22-1469, 2023 WL 4399212, *6 (3d Cir. July 7, 2023) ("[W]hether he would have earned the time credits is subject to a complex set of requirements that include both his program participation and his classification under a risk assessment tool.") (citing 18 U.S.C. § 3632); *Dunlap*, 2024 WL 5285006, at *7; *Dane*, 2024 WL 5150683, *5 (absent a BOP-conducted assessment, petitioner could not successfully participate in programming).

Here, Petitioner did not complete his needs assessment until May 8, 2025.  Kerr Decl. ¶ 7.  After that date, Petitioner has been eligible to earn FSA Time Credit, and he has been earning such credit.  *Id.* ¶ 8, Attachment 3.  Before May 8, 2025, Petitioner completed one education course, AIDS Awareness, on March 13, 2025.  *Id*., Attachment 3.  Petitioner completed no other education courses until June 3, 2025.  *Id.*, Attachment 3.

Petitioner claims that any delay in completing the assessment is the fault of BOP and should therefore not be held against him.  ECF #2, PageID #23-24.  For support, Petitioner turns to *Dunlap*, 2024 WL 5285006, and *Dunaev v. Engleman*, No. 2:24-cv-09835-AH (SHK), 2025 WL 1558454 (C.D. Cal. Apr. 28, 2025), *report and recommendation adopted*, 2025 WL 1555493 (C.D. Cal. May 28, 2025).  *Dunlap* does not help Petitioner because that court found that while it determined the circumstances of BOP's denial were "palpably unfair[,]" the court's authority was limited to the statute itself, and recommended denying that petitioner's writ.  , 2024 WL 5285006, *6, 11.  *Dunaev*, on the other hand, does support Petitioner's position, however this Court should reject this non-binding precedent because the *Dunaev* court did not

consider whether that petitioner had taken BOP assigned programming.  Here, it is clear that Petitioner did not take BOP assigned programming until after the needs assessment was completed, and he only took one unassigned program before the assessment was completed.

Because Petitioner was not eligible to earn FSA Time Credit until his needs assessment was completed, his Petition as to the February 26, 2025 through May 8, 2025 time period should be denied.

## IV.    **CONCLUSION**

For the foregoing reasons, Respondent respectfully moves this Court to deny the writ and dismiss the Petition.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:    /s/ Patricia M. Fitzgerald
Patricia M. Fitzgerald (PA: 308973)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3779
(216) 522-2404 (facsimile)
Patricia.Fitzgerald2@usdoj.gov

CERTIFICATE OF COMPLIANCE

I, Patricia M. Fitzgerald, certify that this memorandum is within the twenty (20) page limit for unassigned cases as set forth in Local Rule 7.1(f).

/s/ Patricia M. Fitzgerald
Patricia M. Fitzgerald
Assistant U.S. Attorney

7

CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2026, a copy of the foregoing *Answer to and Motion to Dismiss Petition for Writ of Habeas Corpus* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy will be mailed on May 8, 2026, via U.S. mail, postage prepaid, to the following:

Brian DiPippa
Reg. No. 66590-510
P.O. Box 23430
Pittsburgh, PA 15222

/s/ Patricia M. Fitzgerald
Patricia M. Fitzgerald
Assistant U.S. Attorney

8