IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN DIPIPPA, | ) | CASE NO.: 4:26CV487 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| | ) | |
| WARDEN, FCI ELKTON, | ) | <u>REPLY BRIEF IN RESPONSE TO</u> |
| | ) | <u>PETITIONER'S TRAVERSE</u> |
| Respondent. | ) | |

Now comes the Respondent, Warden, FCI Elkton, and hereby submits this Reply Brief in Response to Petitioner's Traverse.  ECF #17.  Petitioner has not earned First Step Act ("FSA") time credits under the terms of the statute, and for the reasons set forth below and in Respondent's Answer to and Motion to Dismiss Petition for Writ of Habeas Corpus (ECF #16), the Petition should be denied.

The statute is clear: the Bureau of Prisons ("BOP") "shall provide all prisoners with the opportunity to actively participate in . . . programs or productive activities, *according to their specific criminogenic needs*[.]"  18 U.S.C. § 3621(h)(6).  Furthermore, the only "eligible prisoners" under the statute are those who have earned time credits "under the risk and needs assessment" that the BOP develops.  *Id.* § 3624(g)(1)(A).  This statutorily mandated BOP-developed risk and needs assessment program is called "the System."  *Id.*  Under the System, which provides guidance on the type, amount, and intensity of assigned programming and activities, the BOP "shall assign the prisoner to participate, *according to the prisoner's specific criminogenic needs*[.]"  *Id.* § 3632(b)(1).  Prisoners who "successfully complete" such

programming "shall earn time credits[.]"  *Id.* § 3632(d)(4)(A).  In sum, "[a] prisoner who successfully completes assigned [evidence-based recidivism reduction] or [productive activity] programs shall earn certain time credits."  *Martin v. LeMaster*, No. 21-6247, 2022 WL 18145207, at *1 (6th Cir. Oct. 19, 2022) (citing 18 U.S.C. § 3632(d)(4)(A)).  Such time credits are conditional only, and not mandatory under the statute.  *Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. Jan. 21, 2025).

"[T]his Court has a 'duty to construe statutes, not isolated provisions.' And the Court must read the words Congress enacted 'in their context and with a view to their place in the overall statutory scheme.'" *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 275 (2023) (first quoting *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 290 (2010), then quoting *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989)).  This Court should not read 18 U.S.C. § 3632(d)(4)(A) in isolation from the rest of § 3632 or the First Step Act.  In isolation, § 3632(d)(4)(A)'s requirement that prisoners "shall earn" could be read to mean that *any* evidence-based recidivism reduction programming or productive activities must cause a prisoner to earn time credits.  This would be out of context to the overall statutory scheme.  The entire statutory scheme, read as a whole, indicates that § 3632(d)(4)(A) is referring to programming and productive activities that are part of the System, which means assignment by the BOP and tailoring based on a prisoner's criminogenic needs. For example, the beginning of § 3632(d) states: "Evidence-based recidivism reduction program incentives and productive activities rewards.--The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows . . ."  And then § 3632(d)(4)(A) goes on to say: "Time credits.—(A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes

2

evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows . . . ."  It is clear from the statute as a whole that the time credits referred to in § 3632(d)(4)(A) are part of the System, and not all evidence-based recidivism programs or productive activities are applicable to all prisoners because the System requires that BOP assign the programs based on criminogenic needs.  § 3632(b)(1).

Petitioner argues that the regulations setting forth that to be successfully participating to earn time credits, a prisoner cannot be in "designation status outside the institution[,]" and that a prisoner must have completed an "individualized risk and needs assessment" are invalid.  ECF #17, PageID #147-50.  As set forth above, Petitioner does not meet the statutory definitions for earning time credits, so this Court need not reach Petitioner's arguments as to the purported invalidity of the BOP regulations.  If, however, the Court were to consider the applicability of *Loper Bright Enterprises v. Raimondo*, the regulations should still be upheld.  603 U.S. 369 (2024).

> *Loper Bright* instructs that
>
> The APA, in short, incorporates the traditional understanding of the judicial function, under which courts must exercise independent judgment in determining the meaning of statutory provisions.  In exercising such judgment, though, courts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes.  Such interpretations "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance" consistent with the APA.  *Skidmore*, 323 U.S. at 140, 65 S.Ct. 161.

*Id.* at 394.  Furthermore, "When the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court under the APA is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits."  *Id.* at 395.  Looking first to the statutory scheme, it is clear that the First Step Act creates a sequence by which prisoners are assessed their needs, are assigned relevant programs, and earn

3

time credits for successfully completing those programs.  The regulations that Petitioner seeks to have invalidated merely explain that when a prisoner is not in a BOP institution or has not completed a needs assessment is not participating in the System.  The needs assessment under 28 C.F.R. § 523.41(c)(2) is clearly required by the statute itself, and this Court should not accept Petitioner's invitation to invalidate a regulation that is also part of the statute.  As to the regulation regarding a prisoner's location, 28 C.F.R. § 523.41(c)(4)(ii), this is part of BOP's decision over the timing and intake of prisoners.  *See U.S. v. Wilson*, 503 U.S. 329, 335-36 (1992) (explaining the basis under which federal prisoners can seek review of the computation of their sentences).

Petitioner relies heavily on *Miles v. Bowers* in his Traverse.  173 F.4th 372 (1st Cir. 2026).  *Miles* is an out-of-circuit opinion that is not binding on this Court, and Respondent respectfully disagrees with that decision.  While the *Miles* court did indeed reject BOP's arguments that a risk and needs assessment is not a prerequisite to entitlement to time credits, that court did find that a risk and needs assessment was a prerequisite to earning time credits.  *Id*. at 381.  The *Miles* court, however, included no analysis of 18 U.S.C. § 3624(g)(1)(A), which, as set forth above, establishes that the only eligible prisoners are those who have earned time credits under the System.  Furthermore, Petitioner here offers no arguments or evidence that his purported evidence-based recidivism reduction programming and productive activities were judged to be appropriate for his criminogenic needs or that "all other FSA requirements [were] met" for his programming.  *Miles*, 173 F.4th at 383.

The *Miles* opinion does include the statements referenced by Petitioner in his Traverse that at oral argument BOP "abandoned" its argument that the risk and needs assessment is a prerequisite to earning time credits.  *Miles*, 173 F.4th at 380; ECF #17, PageID #152-53.  In the

Sixth Circuit, judicial estoppel is construed narrowly against the government.  *U.S. v. Owens*, 54 F.3d 271, 275-76 (6th Cir. 1995).  Against the government, estoppel is limited to the precise argument presented by the government and accepted by the court.  *Id.* at 275.  Respondent here does not assert that the risk and needs assessment is a prerequisite to earning Time Credits, though it is a part of the System.  Respondent, however, continues to assert, consistent with the Sixth Circuit decision in *Martin*, 2022 WL 18145207, *2, that any programming for time credits must be assigned by BOP.

Petitioner argues that his activities are covered under the statutory definitions of evidence-based recidivism reduction programming and productive activities.  ECF #17, PageID #151-152, citing 18 U.S.C. § 3635(3)(a)-(b), (5).  The Sixth Circuit has determined that not all courses and jobs, however, are "qualifying programs."  *Martin*, 2022 WL 18145207, *2 (affirming dismissal of petition for writ of habeas corpus where the petitioner had no evidence that the programs qualified for purposes of earning time credits) (citing  *Rosenberg v. Pliler*, No. 21-CV-5321, 2021 WL 6014938, at *6-7 (S.D.N.Y. Dec. 20, 2021); *Rehfuss v. Spaulding*, No. 1:21-cv-00677, 2021 WL 2660869, at *5 (M.D. Penn. June 29, 2021)).  Furthermore, the goal of the statute is for BOP "to pair" prisoners with relevant programming—not allow prisoners to simply complete irrelevant programing reduce the time that they are incarcerated.  164 Cong. Rec. S7746 (daily ed. Dec. 18, 2018) (statement of Sen. Cornyn).  Petitioner does not allege that any of the programs or activities for which he seeks time credits were based on his specific criminogenic needs.  Petitioner also does not allege that BOP assigned him any of the programs or activities.  As a result, the programs and activities were not covered under the System.  Because the programs and activities were not covered under the System, they are not part of the incentives and awards referred to in § 3632(d).

The petition for writ of habeas corpus should be denied.  Under the clear terms of the FSA, read as a whole, Petitioner has not met the requirements for earning time credits.

> Respectfully submitted,
>
> DAVID M. TOEPFER
> United States Attorney
>
> By:    /s/ Patricia M. Fitzgerald
> Patricia M. Fitzgerald (PA: 308973)
> Assistant United States Attorney
> United States Court House
> 801 West Superior Avenue, Suite 400
> Cleveland, OH 44113
> (216) 622-3779
> (216) 522-2404 (facsimile)
> Patricia.Fitzgerald2@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I, Patricia M. Fitzgerald, certify that this memorandum is within the twenty (20) page limit for unassigned cases as set forth in Local Rule 7.1(f).

> /s/ Patricia M. Fitzgerald
> Patricia M. Fitzgerald
> Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2026 a copy of the foregoing *Reply Brief in Response to Petitioner's Traverse* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy will be mailed on May 29, 2026, via U.S. mail, postage prepaid, to the following:

Brian DiPippa
Reg. No. 66590-510
P.O. Box 23430
Pittsburgh, PA 15222

/s/ Patricia M. Fitzgerald
Patricia M. Fitzgerald
Assistant U.S. Attorney

7